IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EUGENE DELBERT WELLS, JR.,<br><br>Defendant. | CR-12-18-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I.  Synopsis

Mr. Wells was accused of violating his conditions of supervised release by committing another crime and consuming alcohol. He admitted to consuming alcohol. Mr. Wells's supervised release should be revoked. He should be sentenced to five months of custody, with no supervised release to follow, given credit for time-served.

## II.  Status

Mr. Wells pleaded guilty in 2012 to Domestic Assault-Habitual Offender. (Docs. 22-23). He was sentenced to thirty-seven months in custody and thirty-six months of supervised release. (Doc. 29). His term of supervised release began on

January 28, 2015.  On May 11, 2015, Mr. Wells reported for outpatient chemical dependency group with a blood alcohol content of .079.  Mr. Wells was referred to Crystal Creek Treatment Center.  He was discharged from the Center on May 8, 2015.  (Doc. 33).

On August 4, 2015, Mr. Well's term of supervised release was revoked due to his consumption of alcohol in violation of his conditions. (Doc. 44).  Mr. Wells was sentenced to six months in custody and thirty months of supervised release.  Mr. Wells's term of supervised release began on December 31, 2015.

On May 2, 2017, the United States Probation Office filed a petition addressing the defendant assaulting his wife while she was holding their newborn child.  (Doc. 50).  During the assault Mr. Well's was intoxicated and had a blood alcohol content of .181.  On June 26, 2017, Mr. Well's supervision was revoked and he was sentenced to four months custody followed by two months inpatient treatment, followed by four months in Great Falls Pre-Release, followed by three months of supervised release.  (Doc. 62).  Mr. Wells's current term of supervised release began on September 1, 2017.

**Petition**

On January 23, 2018, the United States Probation Office filed a petition asking the Court to revoke Mr. Wells's supervised release.  (Doc. 71).  The petition alleged that Mr. Wells was arrested and charged with Partner Family Member

Assault, Robbery, Unlawful Restraint, Criminal Destruction of a Communication Device, and Theft, after an incident on January 14, 2018, where Mr. Wells's wife reported that she had been assaulted by Mr. Wells. His wife alleged that Mr. Wells grabbed her by the wrist as she attempted to call 9-1-1, and wrapped his arm around her neck and shoulders, threw he phone to the ground, then threw her to the ground, causing her to sustain a head and neck injury. The petition also alleged that Mr. Wells admitted to consuming alcohol during the above incident. (*Id.*) Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Wells's arrest. (Doc. 72). Mr. Wells had been in custody since he was arrested on January 14, 2018, in relation to this incident.

**Initial appearance**

Mr. Wells appeared before the undersigned on May 17, 2018, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jeff Starnes represented the United States.

Mr. Wells said he had read the petition and understood the allegations. Mr. Wells waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Wells had two alleged violations. Mr. Wells admitted he violated the

special condition of abstaining from alcohol consumption under his supervised release, but he did not admit to elements of a new crime. The admitted violation is serious and warrants revocation of Mr. Wells's supervised release. However, Mr. Wells denied violating the mandatory condition requiring him to not commit another crime, and the government did not put on evidence to meet its burden for the violation.

Mr. Wells's violation grade is Grade C, his criminal history category is III, and his underlying offense is a Class B felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for twenty-six months, less any custody time imposed. The United States Sentencing Guidelines call for five to eleven months in custody.

Mr. Arvanetes requested a downward departure from the guideline range. He recommended a sentence of five months of incarceration combined with time already served, since January 14, 2018. Mr. Starnes recommended a guideline sentence, crediting Mr. Wells to have credit for time-served. Mr. Wells addressed the Court and admitted that he messed up and is tired of jail and willing to address his alcohol issues.

### III.  Analysis

Mr. Wells's supervised release should be revoked because he admitted violating a condition. Mr. Wells should be sentenced to five months of custody,

with no term of supervised release to follow.  This sentence shall run from the date Mr. Wells was arrested for the underlying conduct, January 14, 2018.  This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

## IV.  Conclusion

Mr. Wells was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Wells's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Wells's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>Eugene Delbert Wells, Jr., violated a condition of his supervised release by consuming alcohol on or about January 14th, 2018.

The Court **RECOMMENDS:**

>The District Court should enter the attached Judgment, revoking Mr. Wells's supervised release and committing Mr. Wells to the custody of the United States Bureau of Prisons for five months, with no supervised release to follow.  This sentence should include Mr. Wells's time-served, beginning on January 14, 2018.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 21st day of May, 2018.

John Johnston
United States Magistrate Judge